UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| JERRY A. SMITH, | |
| Petitioner, | |
| v. | CAUSE NO. 3:23-CV-353-PPS-MGG |
| WARDEN, | |
| Respondent. | |

OPINION AND ORDER

Jerry A. Smith, a prisoner without a lawyer, filed a habeas corpus petition challenging the disciplinary decision (WCC-22-3-413) at the Westville Correctional Facility in which a disciplinary hearing officer (DHO) found him guilty of assaulting staff in violation of Indiana Department of Correction Offense 117. Following a disciplinary hearing, he was sanctioned with a loss of one hundred days earned credit time and a demotion in credit class.

Smith argues that he is entitled to habeas relief because the administrative record lacked sufficient evidence to support the finding of guilt. He contends that it was impossible for the video recording to not capture the initial portion of the altercation. Smith faces a steep hill to climb in showing that there was insufficient evidence to support the finding of guilt.  This is because the standard is miniscule. Here's how the Seventh Circuit articulated it:

> [T]he findings of a prison disciplinary board [need only] have the support of some evidence in the record. This is a lenient standard, requiring no more than a modicum of evidence. Even meager proof will

> suffice, so long as the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary. Although some evidence is not much, it still must point to the accused's guilt. It is not our province to assess the comparative weight of the evidence underlying the disciplinary board's decision.

*Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000) (quotation marks and citation omitted).

The administrative record includes a conduct report in which a correctional officer represented that, in the dayroom, Smith wrapped his hands around the officer's body to restrict his movement and that the officer threw himself backwards to free himself. ECF 19-1. The administrative record includes a video recording summary indicating that Smith "appear[ed] to force himself at the Officer in the Officers Station, off camera," that the officer and Smith wrestled, and that Smith appeared to resist the officer's efforts to restrain him. ECF 19-5. It also contains the video recording itself, which I have reviewed and found to be consistent with the summary. ECF 23. Based on my review, I see that, at the moment when the altercation begins, Smith and the officer step inside a doorway and are unable to be seen on camera.

The conduct report and the video recording constitute "some evidence" that Smith assaulted a correctional officer. Though Smith maintains that he was not the aggressor, he has no constitutional right "to raise self-defense as a complete defense in prison disciplinary proceedings." *Scruggs v. Jordan*, 485 F.3d 934, 938–39 (7th Cir. 2007); *Rowe v. DeBruyn*, 17 F.3d 1047, 1054 (7th Cir. 1994). Departmental policy also does not offer self-defense as an affirmative defense to battery. ECF 19-10; ECF 19-11. Therefore,

the argument that the administrative record lacked sufficient evidence is not a basis for habeas relief.

Smith also argues that he is entitled to habeas relief because correctional staff did not give him documents at the hearing or send him a copy of the video recording evidence. "[T]he inmate facing disciplinary proceedings should be allowed to call witnesses and present documentary evidence." *Wolff v. McDonnell*, 418 U.S. 539, 566 (1974). However, "[p]rison officials must have the necessary discretion to keep the hearing within reasonable limits and to refuse to call witnesses that may create a risk of reprisal or undermine authority, as well as to limit access to other inmates to collect statements or to compile other documentary evidence." *Id.* Additionally, a hearing officer may consider confidential information without allowing an inmate to personally review them, particularly if it would present a risk to safety or security. *See White v. Indiana Parole Bd.*, 266 F.3d 759, 767 (7th Cir. 2001) ("[P]rison disciplinary boards are entitled to receive, and act on, information that is withheld from the prisoner and the public."); *Outlaw v. Anderson*, 29 F. App'x 372, 374 (7th Cir. 2002).

Smith does not identify which documents he requested or how their absence affected the outcome of the hearing. Further, while correctional staff denied the request to review the video recording, they did so to prevent him from learning the limitations of the prison surveillance system, and the hearing officer, nevertheless, considered the video recording as part of the administrative record. ECF 19-4; ECF 19-5. Therefore, the claim that Smith was not allowed to present or review evidence is not a basis for habeas relief.

Smith further argues that he is entitled to habeas relief because he did not receive adequate assistance from a lay advocate. "[D]ue process [does] not require that the prisoner be appointed a lay advocate, unless an illiterate inmate is involved or where the complexity of the issue makes it unlikely that the inmate will be able to collect and present the evidence necessary for an adequate comprehension of the case." *Miller v. Duckworth*, 963 F.2d 1002, 1004 (7th Cir. 1992) (quotation marks omitted). Smith's filings demonstrate his literacy, and the disciplinary charge was not particularly complex. ECF 1; ECF 19-1; ECF 26 Therefore, the argument that Smith received inadequate assistance from a lay advocate is not a basis for habeas relief.

Smith argues that he is entitled to habeas relief because he did not receive the conduct report within the timeframe set forth by departmental policy. Receiving a conduct report within a particular timeframe is not listed among the requirements for procedural due process for prison disciplinary proceedings enumerated in *Wolff v. McDonnell*, 418 U.S. 539 (1974), and the Supreme Court of the United States has indicated that this list of requirements is exhaustive. *White v. Indiana Parole Bd.*, 266 F.3d 759, 768 (7th Cir. 2001) (citing *Baxter v. Palmigiano*, 425 U.S. 308, 324 (1976)). Additionally, the failure to follow departmental policy alone does not rise to the level of a constitutional violation. *Estelle v. McGuire*, 502 U.S. 62, 68 n.2 (1991) ("state-law violations provide no basis for federal habeas relief"); *Keller v. Donahue*, 271 F. App'x 531, 532 (7th Cir. 2008) (finding that inmate's claim that prison failed to follow internal policies had "no bearing on his right to due process"). Therefore, this claim is not a basis for habeas relief.

Smith also argues that he is entitled to habeas relief because the hearing officer was not an impartial decisionmaker. He maintains that the hearing officer demonstrated bias by refusing to provide him with the video recording evidence and by leaving when he turned to retrieve documents. The hearing officer documented the incident, indicating that she interpreted the interaction as Smith refusing to attend the hearing. ECF 19-4; ECF 19-6. She described Smith as saying, "Don't play with me!", leaving his cell window, and saying, "Gone [sic.] ahead then." *Id.*

In the prison disciplinary context, adjudicators are "entitled to a presumption of honesty and integrity," and "the constitutional standard for improper bias is high." *Piggie v. Cotton*, 342 F.3d 660, 666 (7th Cir. 2003). Due process prohibits a prison official who was personally and substantially involved in the underlying incident from acting as a decision-maker in the case. *Id.* Adverse rulings alone are insufficient to demonstrate improper bias. *Thomas v. Reese*, 787 F.3d 845, 849 (7th Cir. 2015). The hearing officer refused to provide the video recording evidence due to the security concerns discussed above, and the hearing officer's interpretation of Smith's statements and actions as a refusal to participate was not unreasonable, even if it was, as Smith maintains, an incorrect interpretation. Because Smith does no more than describe adverse rulings, the claim of improper bias is not a basis for habeas relief.

Smith argues that he is entitled to habeas relief because the correctional officer issued the conduct report in retaliation for the lawsuits he filed regarding the conditions of the Westville Correctional Facility. "[R]etaliatory motive in the filing of a disciplinary charge is not a ground for relief if the subsequent disciplinary proceedings are held in

5

accordance with due process." *Lee v. Berge*, 14 F. App'x 690, 693 (7th Cir. 2001) (citing *McPherson v. McBride*, 188 F.3d 784, 787 (7th Cir. 1999)). Consequently, this argument gets Smith nowhere.

For relief, Smith requests a transfer to another facility, an injunction preventing correctional staff from issuing further conduct reports, and the expungement of all conduct reports from his disciplinary history. "[A] habeas corpus petition must attack the fact or duration of one's sentence; if it does not, it does not state a proper basis for relief under § 2254." *Washington v. Smith*, 564 F.3d 1350, 1351 (7th Cir. 2009). The request for a facility transfer does not relate to the fact or duration of Smith's sentence. Further, future conduct reports will not affect Smith's sentence until he has been found guilty and has been issued sanctions that affect the duration of his sentence. And, to the extent Smith seeks relief from other disciplinary proceedings that have already concluded, the proper course is to file a habeas petition for each disciplinary proceeding as he has done here and in other habeas cases filed with this court. These requests for relief are denied.

Smith also argues that he is entitled to habeas relief due to a discrepancy in the departmental database for prison disciplinary history, which he characterizes as tampering and obstruction of justice. He observes that, on August 30, 2022, the database indicated that he had been sanctioned with the loss of ten days earned credit time, but, on September 29, 2022, it indicated that he had been sanctioned with the loss of one hundred days earned credit time. The Warden responds that the hearing officer sanctioned Smith with the loss of one hundred days earned credit time and that the initial entry in the database was simply a clerical error. As noted by the Warden, the

6

hearing report reflects that Smith was sanctioned with a lost one hundred days of earned credit time, so it does appear that the initial database entry was an error. ECF 19-4. Consequently, it is unclear how the database discrepancy constitutes obstruction of justice or how it otherwise entitles Smith to habeas relief.

Because Smith has not asserted a valid claim for habeas relief, the habeas petition is denied. If Smith wants to appeal this decision, he does not need a certificate of appealability because he is challenging a prison disciplinary proceeding. *See Evans v. Circuit Court of Cook Cnty., Illinois*, 569 F.3d 665, 666 (7th Cir. 2009). However, he may not proceed in forma pauperis on appeal because I find pursuant to 28 U.S.C. § 1915(a)(3) that an appeal in this case could not be taken in good faith.

For these reasons, the court:

(1) DENIES the habeas corpus petition (ECF 1);

(2) DIRECTS the clerk to enter judgment and close this case; and

(3) DENIES Jerry A. Smith leave to proceed in forma pauperis on appeal.

SO ORDERED.

ENTERED:  September 8, 2023.

/s/   Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT